### In re TRAK MICROCOMPUTER CORPORATION, Debtor.

### TRAK MICROCOMPUTER CORPORATION, Plaintiff,

v.

### WELTEC DIGITAL, INC., a California Corporation, and Wearnes Technology Pvt. Ltd., a Singapore Public Corporation, Defendants.

Bankruptcy No. 83 B 11494.
Adv. No. 84 A 1381.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 12, 1986.

Donald E. Johnson, Hinshaw, Culbertson, Moelmann & Hoban & Fuller, Chicago, Ill., for plaintiff/debtor.

David L. Schiavone, Wildman, Harrold, Allen & Dixon, Chicago, Ill., George R. Kucik, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for defendants.

## MEMORANDUM OPINION ON DEBTOR'S MOTION FOR AWARD OF FEES AND COSTS AGAINST DEFENSE COUNSEL

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor moves for an award of attorneys fees and costs against defense counsel under Rule 11 F.R.Civ.P. and 28 U.S.C. § 1927. For reasons set forth below that motion is allowed.

The motion arose out of the following case history:

The defense moved to dismiss this action brought by debtor. Bankruptcy Judge Eisen denied that motion on June 5, 1985.

Although that denial was interlocutory, defendants immediately appealed. The notice of appeal characterized Judge Eisen's ruling as a "final order". Before District Judge McGarr, debtor moved to dismiss the appeal on grounds that the order appealed from was interlocutory. The defense moved for leave to appeal and alternatively argued the "collateral order" doctrine under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

On August 22, 1985 Judge McGarr granted the debtor's motion to dismiss the appeal and denied the defense motion for leave to appeal. He reasoned that:

1. "It is clear that the bankruptcy court's order was not final in the sense that it wound up the litigation before the bankruptcy court or disposed of a claim pending before the Court," citing 28 U.S.C. § 158 and *In Re UNR Industries, Inc.*, 725 F.2d 1111, 1116 (7th Cir.1984).

2. *Cohen v. Beneficial Industrial Loan Corp.*, supra was held in *UNR* supra to be inapplicable unless the consequences of denying complete appeal are "irreversible".

3. The only "irreversible damage" that was asserted is the need to defend related claims in two courts simultaneously, since the allegations in this case overlap certain aspects of a case filed by debtor in District Court. Judge McGarr found that duplicative litigation was easily avoided and the two cases could compliment each other through collateral estoppel effects and the coordination of discovery.

4. This was not like cited cases where "the collateral issue concerned the question of whether the appellant had to go through the litigation process at all...." In contrast, here defendants' argument was "not that their breach of contract should not be litigated but that it should be litigated in the district court".

5. Defendants will not suffer "irreversible" or "oppressive" consequences

through the pendency of the two cases; and therefore the collateral order doctrine under *Cohen* supra was inapplicable.

6. Defendants alternative request for leave to appeal was likewise denied because "Defendants fail to bring to this Court's attention any exceptional circumstances present in the instant case which would persuade this Court to exercise its discretion and hear the appeal of the Bankruptcy Court's interlocutory order. Although the merits of the Bankruptcy Court's decree are not presently before this Court, Judge Eisen's reasons for keeping the breach of contract issue before him appear to be well founded."

### Discussion

*1. The order denying dismissal was clearly not final and fees should be awarded for the appeal therefrom as a "final" order.*

While the Defendant's Notice of Appeal stated that Judge Eisen's ruling appealed from had been a "final order", it was a year earlier made crystal clear by the Seventh Circuit [as Judge McGarr stated citing *In Re UNR Industries, Inc.*, 725 F.2d 1111, 1116 (7th Cir.1984) ] that the test of finality in bankruptcy is whether an order disposed of a claim or wound up some dispute in litigation. Obviously, the order of Judge Eisen denying dismissal of Adversary Complaint did neither.

Defendants relied on an argument that the order of Judge Eisen should be deemed "final" under the collateral order doctrine of *Cohen supra.* However they cited no authority before Judge McGarr or before this Court showing that "irreversible" consequences required by that doctrine can ever be demonstrated from mere pendency of duplicative litigation resulting from appealed orders.

█ It is clear that the *Cohen* doctrine can apply to bankruptcy court orders. *In Re Charter Company*, 778 F.2d 617 (11th Cir., 1985). An order in bankruptcy is

treated as "final" under the *Cohen* collateral order doctrine

"... if it directs the immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation. Under the *Cohen* collateral order doctrine, for an order to be reviewable it must (1) be independent and easily separable from the substance of other claims in the action; (2) present a need to secure prompt review in order to protect important interests of any party; and (3) be examined in the light of practical rather than narrowly technical considerations."

*In Re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir., 1982)

Defendants cited no authority at all to support their contention that an order denying dismissal of a Bankruptcy Adversary is final and appealable. Nor did they show themselves within the foregoing standards in *Regency* or cite any relevant authority for their contention that Judge Eisen's denial of dismissal of Bankruptcy Adversary was appealable under the *Cohen* doctrine. Nor did they demonstrate before Judge McGarr or here any facts to support their argument that the effect of overlapping litigation would be "irreversible" under *Cohen.*

█ Indeed, they even failed to demonstrate here that they had reasonable grounds from research performed to believe that their appeal fell within the *Cohen* doctrine. They simply argue from the cited case of *Mulay Plastics Inc. v. Grand Trunk Western R. Co.*, 742 F.2d 369 (7th Cir.1984) *cert. den.* —— U.S. ——, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985), that there is flexibility in defining finality and appealability from bankruptcy orders. But *Mulay* itself referred to *UNR Industries, Inc.*, 736 F.2d 1136, 1137 n. 2 (7th Cir.1984) and *Saco Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983), which both involved cases meeting the test of finality in the earlier *UNR* case *supra.* That test of finality came from the reality of bankruptcy cases: that

within each case may be many discrete issues among different parties that may be decided through Adversary Complaint or by contested motion and hearing. Only when each is finally disposed of or wound up under *UNR, supra,* may it be appealed, except in the rare occasions where the *Cohen* doctrine applies according the narrow standards of *Regency.*

Given the large volume of those issues faced in Bankruptcy, the filing of unfounded appeals from interlocutory orders can have most serious consequences to the administration of justice both in the bankruptcy cases themselves and in the District Court.

■ In the absence of any authority that reasonably can be understood to mean that denial of case dismissal has "irreversible" effect under *Cohen,* defense counsel could not have reasonably believed that order to be appealable as of right. Under *In Re T.C.I. Ltd.,* 769 F.2d 441 (7th Cir.1985), objective bad faith of counsel is sufficient to warrant imposition of fees against counsel under 28 U.S.C. § 1927 and Rule 11 F.R.Civ.P. (Bankr. Rule 9011). Such objective "bad faith" exists when a lawyer fails to limit litigation

"... to contentions well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or renewal of existing law." F.R. Civ.P.

The Court in *T.C.I.* said that:

"... a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. *T.C.I., Id.* at 445.

The Court also described *subjective* bad faith as follows:

"A lawyer who pursues a plausible claim because of the costs the suit will impose on the other side instead of the potential recovery on the claim, is engaged in abuse of process." *T.C.I., Id.* at 445.

■ Plaintiff argues that subjective bad faith is present here, but can point only to the limited resources of debtor and ex-

pense of the appeal to justify their claim that the appeal was primarily intended to drain assets. That showing is not sufficient under *T.C.I.* If it were, every appeal against a financially weak party could be subject to the same attack. To demonstrate subjective bad faith, there must be clearly demonstrated that the attorneys in fact had the primary motive to weaken the opponent rather than to prevail in the dispute. That is indeed a heavy burden which plaintiffs here have not met.

■ But the *objective* bad faith standard has been met. Under *UNR Industries, Inc.,* 736 F.2d 1136, 1137 n. 2 (7th Cir.1984), it has been clear that denying dismissal of a bankruptcy adversary ordinarily cannot meet the standards required for finality and appealability. An attorney who appeals such denial under the *Cohen* doctrine should have powerful authority and facts to justify contention that the "collateral order" doctrine applies. That was not demonstrated here, nor was it shown that counsel who filed the appeal had reason to believe that authority justified the appeal under that doctrine or a reasonable extension of it. Therefore plaintiff-movant has demonstrated objective bad faith by defense counsel who signed the Notice of Appeal from a purportedly "final" order and thereby started an expensive, unwarranted, and meritless appeal.

2. *This Court can pass on the motion which was not presented to the District Court.*

Defense counsel objects that this Court should not pass on the motion, and that the motion is not properly here because it complains of activities in the appeal before Judge McGarr. No authority is cited in support of that position.

■ This Court sits as the trial court and Judge McGarr sat as appellate court over a bankruptcy case. Generally, it is the "trial court" that is left to award fees and assess sanctions. *Robinson v. Monsanto Co.,* 758 F.2d 331, 336 (8th Cir.1985). The Notice of Appeal with the false reference to a "final" order was filed before this Court. The

impact of the costs of the appeal will fall on the debtor before this Court. Even were that not so, the trial court is expected to fix fees after considering evidence as to extent and nature of work performed, even when that work is before appeals courts. *Local 17 Int'l. Assn. v. Young, et al.,* 775 F.2d 870, 872–73 (7th Cir., 1985).

Accordingly, this Court is the proper forum in which to present the motion for sanctions.

3. *Defendant's Alternative Motion for leave to appeal does not remove objective bad faith.*

■ After plaintiff-debtor moved to dismiss the appeal before Judge McGarr, defendant moved (alternatively to its assertion of the *Cohen* theory) for leave to appeal from the order of Judge Eisen. That motion did not accompany the Notice of Appeal as required by Bankruptcy Rules 8001(b) and 8003. Nor was Bankruptcy Judge Eisen asked to certify the matter for appeal.[1] In short, the request for leave to appeal was a procedural afterthought which was not given much attention by the appealing defendants.

■ At any rate, there was not a true request for leave to appeal, certified by the trial court and appeal court but then rebuffed on the merits. Once such certificates permit interlocutory appeal, it would be hard for appellee to argue that objective bad faith existed in taking an appeal. But no such certificates permitting appeal were sought or granted here, and therefore the "alternative" motion for leave to appeal did not eliminate the objective bad faith of appellants' counsel.

4. *Analysis of the time records shown for work in defending appeal.*

Debtor-plaintiff's counsel who represented debtor in defending the abortive appeal were Hinshaw, Culbertson, Moelmann, Hoban & Fuller. That firm has recently withdrawn from representing debtor in the Adversary case. New counsel have substituted for debtor therein, on a contingent fee basis. The Hinshaw firm sought to withdraw because it contended that debtor could no longer afford to prosecute the Adversary with attorneys who worked on an hourly basis in part because the work to defend the appeal that is the subject of this opinion will heavily drain the debtor. That counsel filed an application for its final fees in connection with work on the Adversary and supplied time records showing *inter alia* work relating to the appeal. That fee petition is verified.

Defense counsel has not responded to, questioned, or sought an evidence hearing with regard to any of the matters set forth in that fee petition and appended time records. Therefore, this Court will refer to it in determining the amount of fees and expenses appropriately attributable to defense of the appeal.

■ Judge Eisen's order was entered June 5, 1985. Judge McGarr dismissed the appeal August 22, 1985. Between these dates debtor's counsel reports $88.20 in xerox copying expenses. The xerox is charged at 20¢/page, but this Court allows

---

**1.** Appeals of interlocutory orders are to the district courts only with leave of court. They are taken in the same manner as are appeals to the courts of appeal. 28 U.S.C. § 158(a) and (b) and § 1292. There is no provisions similar to 28 U.S.C. § 1292(b) expressly governing appeals from the bankruptcy court to the district court. But the direction in 28 U.S.C. § 158(c) that appeals shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the district court must mean that certification by the bankruptcy judge is necessary for interlocutory appeals as the District Court must certify interlocutory appeals from it under § 1292(b). The requirement in § 1292(b) that the district judge first certify the order was "deliberately adopted to secure an initial judgment on the desireability of appeal by the trial judge as the person most ... familiar with the litigation." 16 Wright & Miller *Federal Practice and Procedure* § 3929 at 138. Judge Charles Norgle of this District Court has held that the same reasoning holds true in the bankruptcy—district court relationship in *Connelly v. Shatkin, Connelly v. Winston & Strawn,* and *In Re Connelly,* 57 B.R. 794, 796, (Bankr.N.D.Ill.1986) (leave to appeal denied). This conclusion is not inconsistent with Bankruptcy Rule 8003(b) which can be complied with apart from filing the application to Bankruptcy Judge for certificate.

**714**

only $15¢/page which amply provides for both out-of-pocket cost and overhead connected with use of an office copy machine. Therefore only $66.15 will be charged against defense counsel for copying expenses.

▮ Debtor's counsel also reports between those dates a total of 52.4 hours of work by *two* attorneys in connection with the appeal. They work at a mixed rate of about $82.50/hour (Pamela Hollis at $100.00/hour, Donald Johnson at $75.00/hour). For purposes of this analysis, there must be discounted a total of 12.4 hours for time devoted to settlement efforts (June 18, 1985), other matters not relating to the appeal (June 24, 1985, July 26, 1985), excessive time devoted to research and drafting on several dates, and unexplained conferences with various persons on different dates, some items that are apparently secretarial and paralegal-level work (e.g. August 6, 1985) and miscellaneous unrelated matters (e.g. August 13, 1985) and matters regarding the Adversary that were not clearly related to the appeal (e.g. August 20, 1985). The remaining 40 hours of work at $82.50/hour will yield an award of $3,300.00 for fees. When the copying costs are added the total will be $3,366.15.

### Conclusion

The common practice of filing appeals from interlocutory bankruptcy orders without receiving leave in the proper manner should not be encouraged. It increases the burden on the District Court, increases the administrative costs of bankruptcy litigation, and delays proceedings in both courts. It is appropriate to underline the point that attorneys who do so on the basis of the *Cohen* "collateral order" doctrine should have some very concrete facts and authority in support of that position. Otherwise, it is important both to the District Court and to the administration of bankruptcy cases that attorneys who improperly extend the cost and time of bankruptcy litigation through improper appeals bear the burden of such costs.

Wherefore and for the reasons set forth the motion to assess fees and costs under Rule 11 F.R.Civ.P. (Bankr. Rule 9011) and 28 U.S.C. § 1927 is granted. By separate order, such fees in the amount of $3,300.00 and costs in the amount of $66.15 will be taxed in favor of plaintiff-debtor Trak Microcomputer Corporation and against defendant's counsel who took the appeal as shown by the Notice thereof:

David L. Schiavone
James T. Nyeste
Wildman, Harrold, Allen & Dixon
George R. Kucik
H. Van Sinclair
Arent, Fox, Kintner, Plotkin & Kahn

and the separate order will also enter judgment thereon in favor of debtor and against those attorneys. That judgment order will most assuredly be both final and appealable upon the entry thereof.