In re XONICS, INC.; Xonics Medical Systems, Inc.; Xonics Imaging Inc.; formerly Diagnostics Information, Inc.; Xonics Photochemical Inc.; formerly Radiographic Systems, Inc. of California and Photo-Chem, Inc.; Ekoline, Inc.; Standard X–Ray Company; Medical Equipment Manufacturing Co., Inc.; and Radiographic Development Corporation, Debtors.

XONICS, INC., a Delaware Corporation, et al., Plaintiffs,

v.

E & F KING & COMPANY, INC., Defendant.

XONICS, INC., a Delaware Corporation, et al., Plaintiffs,

v.

WYLE LABORATORIES, Electronics Marketing Group, Defendant.

XONICS, INC., a Delaware Corporation, et al., Plaintiffs,

v.

NETTLES & CO., Defendant.

Bankruptcy Nos. 84 B 2101, 84 B 2108. Adv. Nos. 85 A 946, 85 A 976 and 85 A 1102.

United States Bankruptcy Court, N.D. Illinois, E.D.

April 25, 1986.

See also, 61 B.R. 818.

David F. Heroy, Barbara A. Zahs, Gardner, Carton & Douglas, Paula K. Jacobi, Eric S. Rein, Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., co-counsel for debtors.

Gerald F. Munitz, Robert R. Barnes, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for E & F King.

Steven B. Towbin, Michael J. Golde, Stephen T. Bobo, Towbin & Zazove, Ltd., Chicago, Ill., for Wyle Laboratories and Nettles Co., Inc.

Malcolm M. Gaynor, David N. Missner, Kenneth A. Skolnick, Paula K. Jacobi, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for plaintiffs.

Daniel A. Zazove, Michael J. Golde, Towbin & Zazove, Ltd., Chicago, Ill., for defendant Nettles & Co. (85 A 1102).

## MEMORANDUM AND ORDER

THOMAS W. JAMES, Bankruptcy Judge.

On February 17, 1984 each of the debtors identified in the caption filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and continued to operate their businesses as provided by Code §§ 1107 and 1108. The court has ordered joint administration of their estates.

This court on August 28, 1985, confirmed the debtors' Fourth Amended Joint Plan of Reorganization. The plan provided in section 7.5 that debtors retain all causes of action and claims against third parties, including actions to avoid and recover preferences under Code §§ 547 and 550. Under the plan debtors have full power to enforce, settle, adjust or assign any such cause of action or claim as they see fit, subject to the approval of the court. The right to conduct the preference recovery litigation was granted to New Idea Corporation, the purchaser of the debtors' assets, and certain of the debtors' major creditors, First Wisconsin National Bank of Milwaukee and the United States Department of Commerce, International Trade Administration, the ITA lenders jointly under the plan. New Idea and the ITA lenders were also granted authority to settle any such claims, subject to approval of the court.

The plan provides that 50% of the first $500,000 in net proceeds recovered by or on behalf of debtors from actions brought to recover preferences are to be distributed to New Idea. The other 50% of the first $500,000 and 100% of the next $150,000 of such recoveries are to be paid to the ITA lenders.

■ The court is satisfied that each defendant may in these adversary proceedings question the authority of this court to authorize New Idea and the ITA lenders to conduct these adversary proceedings as provided by the plan, even though such defendant may have voted in favor of confirmation of the plan and may have received benefits under the plan, and even though the court overruled an objection at the confirmation hearing based on the alleged impropriety of such authorization. These defendants are not estopped by the mechanics of the confirmation procedures from urging when sued that the court may not do what the code or case law specifically prohibits. A creditor's vote in favor of confirmation is not an agreement to permit an impermissible adversary proceeding to be filed against the creditor. That creditor does not waive any defenses based on the powers and authorities of this court. *See Union Carbide Corp. v. Newboles*, 686 F.2d 593 (7th Cir.1982), and *Underhill v. Royal*, 769 F.2d 1426, 1431–32 (9th Cir. 1985).

The court has before it certain motions in each of these adversaries, the granting of which would dispose of them. Each motion argues to the court that the plaintiff may not sue the respective defendant because some archaic cases suggest that the plaintiff is not the proper party to bring the action to recover the alleged preference given to the respective defendant. The court uses the term "archaic" advisedly for it is of the opinion that these defendants have not given proper consideration to the import of the Bankruptcy Reform Act of 1978, as amended, on Congress's intent to permit a business to restructure its finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its shareholders.

Authority for recovery of a Code § 547 transfer is found in Code § 550(a) that states in part:

[T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate the property transferred, or, if the court so orders, the value of such property....

The legislative history of this section says that Code § 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee. House Report No. 95–595, 95th Cong., 1st Sess. 375–376 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 90 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5876, 6331–6332.

With these statements in mind it becomes readily apparent that property of the estate would not include the "concepts of avoiding a transfer," but the recoveries from the transferees by avoidances of the transfers. Defendants' dialogue about the power to avoid preferential transfers not being property of the estate is a dichotomy unsupported by proper analysis of the code.

Code § 547 provides the power to avoid preferential transfers. There is no limitation on who or how this power is to be exercised. The trustee's recovery "for the benefit of the estate" is not the limitation that defendants suggest. Defendants must realize that Code § 550 governs recovery under Code § 544: the strong arm clause of the present code; Code § 545: avoidance of statutory liens; Code § 548: avoidance of fraudulent transfers or obligations; Code § 549: avoidance of transfers of property that occur after the commencement of a case; Code § 553(b): recoveries of setoffs; and Code § 724(a): avoidance of liens, as well as Code § 547: avoidance of preferential transfers. Congress carefully chose the words "for the benefit of the estate" to insure that no debtor could claim that he was individually entitled to the "benefit" of these concepts. Any prohibition gained from these words is that against the zealous debtor to insure benefit to all creditors and not to debtors individually. No one may avail himself of these concepts unless there is a recovery of property for the estate.

Code § 547 and other avoiding transfer concepts are intended to distribute the impact of a business failure over various claimants to debtor's assets to give equal treatment to all, whether in a liquidation or reorganization proceeding. To limit authority under any of the avoiding transfer concepts to an "anointed" person such as a trustee or a debtor is not compatible with these goals. And in this chapter 11 case these goals are served by permitting New Idea and the ITA lenders to conduct these adversary proceedings.

Moreover, the court is of the opinion that its analysis of Code § 541(a)(3) supports its conclusions. Under that subsection a debtor's estate is comprised of any interest in property that a trustee recovers under Code § 329(b): return of fee payments; Code § 363(n): avoidance of a sale; Code § 543: turnover of property by a custodian; Code § 553: recoveries of setoffs, or Code § 723: recovery of partnership deficiencies, as well as Code § 550: recoveries of transfers. "For the benefit of the estate" in Code § 550 is, indeed, superfluous to that section unless it is to prohibit the debtor from exercising the strong arm clause under Code § 544 for his own benefit; from avoiding statutory liens under Code § 545 for his own benefit; from avoiding preferential transfers under Code § 547 for his own benefit; from avoiding fraudulent transfers or obligations under Code § 548 for his own benefit; from avoiding transfers of property that occur after the commencement of a case under Code § 549 for his own benefit; from recovering setoffs under § 553(b) for his own benefit; and from avoiding liens under Code § 724(a) for his own benefit. Congress has stated the recoveries under these sections are property of the estate to be dealt with under the provisions of the code. It is unfortunate that the framers of the code chose words, "for the benefit of the estate," that were given a particular meaning to decide certain cases under the Bankruptcy Act of 1898, as amended. This court humbly suggests that such decisions cannot limit the obvious intent of Congress to give business debtors the opportunity to fashion plans with every means available.

This court concludes that the proceeds of recoveries under the avoiding transfer concepts, including those under Code § 547, may be distributed under a chapter 11 plan and that exercises of these avoiding transfer concepts may be by someone other than a trustee or a debtor. It makes no matter whether we say that New Idea and the ITA lenders are conducting the adversary proceedings or have been assigned these adversary proceedings. A provision of a plan authorizing someone other than a trustee or a debtor to conduct adversary proceedings to recover transfers under Code § 547 or assigning these adversary proceedings to such a person is not inconsistent with any applicable provision of the code and may be included in a debtor's plan under Code § 1123(b)(5).

The court does note that Wyle and Nettles in their supplemental memorandums request the court to disregard and to strike materials in plaintiffs' supplemental memorandum that may exceed some alleged definition of the scope for the memorandum. These requests will be denied. Memorandums are filed to aid the court. If parties feel put upon, they may ask for time to make appropriate responses. Of course, the court cannot condone undue impositions on lawyers' time or its time [nor does it condone footnote appeals to its sense of fairness], but it must insure that all are given ample opportunity to submit arguments on the facts and law after thorough consideration.

It is therefore ordered that the motion of E & F King & Company, defendant in adversary no. 85 A 946, for summary judgment is denied. Defendant King shall serve an answer to complaint no. 85 A 946 on or before May 12, 1986.

It is further ordered that the motion of Wyle Laboratories, Electronics Marketing Group, defendant in adversary no. 85 A 976, to dismiss is denied. Defendant Wyle shall serve an answer to complaint no. 85 A 976 on or before May 12, 1986.

It is further ordered that the motion of Nettles & Co., defendant in adversary no. 85 A 1102, to dismiss is denied. Defendant Nettles shall serve an answer to complaint no. 85 A 1102 on or before May 12, 1986.