**In the Matter of Brad S. ZECH, Debtor.**

No. BK95–40449.
No. 4:CV95–3199.

United States District Court,
D. Nebraska.

Aug. 15, 1995.

John S. Mingus, Mingus & Mingus, Ravenna, NE, for appellant Harvey Duncan.

W. Eric Wood and Shawn M. Ilg, Downing, Alexander & Wood, Kearney, NE, for debtor

in Underlying Bankruptcy Action from Which Appeal Came.

KOPF, District Judge.

Harvey Duncan, a creditor in the above-captioned matter, has filed an application for leave to appeal an interlocutory order and motion for expedited hearing (filing 1). Duncan requests that this court grant him leave to appeal United States Bankruptcy Judge Minahan's May 11, 1995, journal entry granting the debtor's motion to incur secured indebtedness and denying Duncan's objections thereto (filing 1).

Because Duncan failed to provide copies of the motion and objections ruled upon by Judge Minahan, and also failed to provide "a statement of the facts necessary to an understanding of the questions to be presented by the appeal," as required by Fed.R.Bankr.P. 8003(a)(1), I granted Duncan leave to supplement his application for leave to appeal Judge Minahan's interlocutory order to include the necessary factual background (filing 3). Duncan has now done so (filing 4).

## FACTS

According to the material submitted by Duncan's attorney, Duncan had a mortgage on 450 acres of real estate in favor of the Farmers Home Administration. (Filing 4 at 1.) Duncan then sold the real estate to the debtor and his wife for $248,000, payable by assumption of the FmHA mortgage of $161,300, a downpayment of $10,000, and equal installments to Duncan for 10 years. (*Id.*, Objections to Debtor's Appl. to Incur Secured Indebtedness at 1.) Duncan claims that since the debtor's purchase of the real estate, the debtor and his wife have failed to pay real estate taxes and approximately $17,500 plus interest to Duncan. (Filing 1, Motion for Stay filed May 22, 1995; Filing 4 at 2.) The debtor, a crop farmer, has filed a voluntary petition for protection under Chapter 12 of the United States Bankruptcy Code. (Filing 4, Voluntary Petition filed in U.S.Bankr.Ct. for Dist. of Neb. on Apr. 20, 1995.)

The debtor filed an application in the United States Bankruptcy Court to incur secured

indebtedness in order to purchase "crop inputs" such as seed, fertilizer, chemicals, and fuel, and to obtain cash advances for rents and other operating expenses to maintain the real estate being farmed by the debtor. (*Id.* at 9.) The debtor proposed that Ag Services of America, Inc., (ASA) sell such inputs and provide such cash advances, in return for which a post-petition security interest would be granted to ASA in the debtor's 1995 crop, crop insurance and government payments to the extent of funds borrowed, plus interest and costs thereon. (*Id.*) The debtor further requested that ASA be given a lien on the 1995 crop in accordance with the priority set out in 11 U.S.C. § 364(c)(2) [1], and in the event the crop proceeds were not sufficient to repay the principal and interest loaned, that ASA be granted administrative priority under 11 U.S.C. §§ 364(c)(1) [2] and 507(b) [3].

Duncan filed objections to the debtor's motion. (*Id.*, Objections to Debtor's Appl. to Incur Secured Indebtedness at 1.) United States Bankruptcy Judge Minahan granted the debtor's motion to incur secured indebtedness and denied Duncan's objections. (Filing 1, Journal Entry of May 11, 1995.) Judge Minahan subsequently denied Duncan's motion for stay pending appeal, finding that the best interest of the bankruptcy estate requires that the real property of the estate be productively used for the present crop year; the order permitting post-petition financing is interlocutory; Duncan's lien, if any, in crops yet to be planted is cut off by 11 U.S.C. § 552; unpaid real estate taxes are irrelevant to the advisability of granting permission to obtain post-petition financing; and Duncan's general assertion that ASA is not

an appropriate lender is without merit since ASA frequently finances debtors-in-possession and is unwilling to do so absent the provision of liens and other loan protection. (Filing 2.)

## APPEAL OF INTERLOCUTORY ORDER

Duncan has filed an application for leave to appeal Judge Minahan's interlocutory order granting the debtor's motion to incur secured indebtedness and denying Duncan's objections thereto (filing 1). Duncan argues that an interlocutory appeal should be granted to allow modification of Judge Minahan's order to prevent loss to Duncan arising from incurring secured indebtedness during a period when Duncan "can suffer irreparable loss." (Filing 1 at 1.) Specifically, Duncan argues that continuation of the debtor's farming operation will erode existing security interests and incurring post-petition secured indebtedness will allow ASA to obtain a security interest which has priority over other security interest holders. (Filing 4 at 6.)

## STANDARD OF REVIEW

 United States district courts have jurisdiction over appeals from interlocutory orders and decrees entered by bankruptcy judges "with leave of the court." 28 U.S.C. § 158(a)(3). Because neither this statute nor the Bankruptcy Rules specify the standard by which district courts are to allow interlocutory appeals, many district courts use the standard contained in 28 U.S.C. § 1292(b), which governs interlocutory appeals from

---

**1.** Section 364(c)(2) provides in part: "If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt ... secured by a lien on property of the estate that is not otherwise subject to a lien...."

**2.** Section 364(c)(1) states in part: "If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt ... with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title...."

**3.** Section 507(b) provides:

If the trustee, under section ... 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

district courts to courts of appeal.[4] *In re Kroh Bros. Dev. Co.*, 101 B.R. 1000, 1004 (W.D.Mo.1989); *In re Total Transp., Inc.*, 84 B.R. 590, 591–92 (D.Minn.1988); *In re: Ewald Bros., Inc.*, 1985 WL 1551, *1 (D.Minn.1985); 1 *Collier on Bankruptcy* ¶ 3.03[d][i], at 3–196 (15th ed. 1995).

Thus, the standard adopted for determining whether to grant leave for an interlocutory appeal is: (1) whether the issue involves a controlling issue of law; (2) whether there is substantial ground for difference of opinion on that issue of law; and (3) whether an immediate appeal from the order will materially advance the ultimate termination of the litigation.

*In re Kroh Bros. Dev. Co.*, 101 B.R. at 1004. However, granting leave to file interlocutory appeals is the exception, not the rule, and such appeals should be granted only where extraordinary circumstances exist which override the general policy against piecemeal litigation, or where ultimate determination of the entire litigation would be advanced. *Id.* at 1007; *In re: Ewald Bros., Inc.*, 1985 WL 1551, at *1. "Indeed, because interlocutory appeals interfere with the cumulative goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Kroh Bros. Dev. Co.*, 101 B.R. at 1007.

## ANALYSIS

 Section 364(c)(1) and (2) of the Bankruptcy Code, cited above, are incentives for creditors to extend credit in the post-petition period. *In re Sobiech*, 125 B.R. 110, 114 (Bankr.S.D.N.Y.), *aff'd*, 131 B.R. 917 (S.D.N.Y.1991); *In re Ramaker*, 117 B.R. 959, 967 (Bankr.N.D.Iowa 1990). "The power of the court to authorize the incurring of indebtedness with a priority over existing indebtedness is well recognized, with and without security." 2 *Collier on Bankruptcy* ¶ 364.04, at 364–10 to –11 (15th ed. 1995). *See also In re Stratbucker*, 4 B.R. 251 (Bankr.D.Neb.1980) (court granted motion of debtor-in-possession, a farmer, to obtain credit and give creditor priority over other administrative expenses pursuant to section 364(c); credit obtained for purpose of planting spring crops; creditor who supplies means to grow crops should logically receive first proceeds, for without that creditor, no proceeds would exist at all); *In re Ramaker*, 117 B.R. at 961, 966–67 (Bankruptcy Code created incentive for feed, seed, and fertilizer suppliers to provide credit to debtors-in-possession in farm business; such creditors could have sought security interest under section 364(c)); *In re Sobiech*, 125 B.R. at 115 (creditors often seek the "super-priority" in section 364(c)(1) in conjunction with the lien protection in section 364(c)(2)).

Therefore, it does not appear that there is a substantial ground for difference of opinion regarding the practice of granting to farmers who are debtors-in-possession permission to obtain secured indebtedness for the purpose of maintaining their farming business by planting crops. Further, the circumstances in this case do not appear extraordinary so as to override the general policy against piecemeal litigation.

Further, if movant Duncan believes his interests are being impaired by the continuing accrual of post-petition taxes, Duncan may seek relief from the automatic stay or seek dismissal of the case for lack of adequate protection, as pointed out by Judge Minahan (filing 2 ¶ 3).

Accordingly,

IT IS ORDERED that Harvey Duncan's application for leave to appeal an interlocutory order and motion for hearing (filing 1) is denied.

---

**4.** Section 1292(b) states in part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.