745 F.2d 1153
 53 USLW 2222, 11 Collier Bankr.Cas.2d 532,
12 Bankr.Ct.Dec. 602,
Bankr. L. Rep. P 70,068
 In the Matter of Caryl W. RIGGSBY, Debtor-Appellant.
SUBURBAN BANK OF CARY GROVE, Plaintiff-Appellant/Appellee,
v.
Caryl W. RIGGSBY, Defendant-Appellee/Appellant.
 No. 84-2233.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Aug. 21, 1984.
Decided Oct. 15, 1984.
 
 Bruce L. Wald, Tishler & Wald, Ltd., Chicago, Ill., for plaintiff-appellant/appellee.
 Robert Keith Larson, Riordan, Larson, Bruckert & McCambridge, Chicago, Ill., for defendant-appellee/appellant.
 Before CUMMINGS, Chief Judge, BAUER and POSNER Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 We asked the parties to this appeal to brief the following question: Is an order by a district judge (1) reversing the dismissal of a claim against a bankrupt's estate, or, as here, the dismissal of a complaint objecting to discharge, and (2) remanding the case to the bankruptcy judge for further proceedings on the claim, a final order within the meaning of the Bankruptcy Act of 1978, as amended just this past summer by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98-353, 98 Stat. 333 (July 10, 1984)? The 1984 amendments, so far as relevant here, add two new sections to the Judicial Code, 28 U.S.C. Secs. 157 and 158, and the second makes clear that if the district judge's order was not final we do not have jurisdiction of the appeal. See 28 U.S.C. Sec. 158(d) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) [by district courts, in appeals from bankruptcy judges] and (b) [by bankruptcy appellate panels, in appeals from bankruptcy judges].").
 
 
 2
 A bank (the appellee in this court) filed with the bankruptcy judge a complaint objecting to the discharge of the debt owed it by the bankrupt (Riggsby, the appellant in this court). See 11 U.S.C. Sec. 523(c). The bankruptcy judge dismissed the complaint as untimely, and the bank appealed to the district court under the then-applicable version of 28 U.S.C. Sec. 1334, since superseded without material change by 28 U.S.C. Sec. 158(a). The district court reversed, holding that the bankruptcy judge had applied an incorrect standard in deciding whether to let the bank file its complaint late, and remanded, and Riggsby then appealed to us.
 
 
 3
 Under both the transitional provisions of the 1978 act that were in force when the bank appealed to the district court, and the superseding amendments made in 1984, the bank was entitled to appeal the bankruptcy judge's dismissal of its complaint to the district court provided the dismissal was a final decision by the bankruptcy judge. See 28 U.S.C. Sec. 1334(a), added by the 1978 act (Pub.L. 95-598, Nov. 6, 1978, 92 Stat. 2657); section 405(c) of that act (which appears in a note preceding 28 U.S.C. Sec. 1471); 28 U.S.C. Secs. 157(b)(2)(B) and 158(a), added in 1984; In re UNR Industries, Inc., 725 F.2d 1111, 1116 (7th Cir.1984). If it was not a final decision by the bankruptcy judge, the district judge could still review it, because 28 U.S.C. Sec. 158(a) gives the district court discretion to entertain interlocutory appeals from bankruptcy judges, but the district judge's decision would not be a final order for purposes of further appeal to us. See In re Tidewater Group, Inc., 734 F.2d 794 (11th Cir.1984), and cases cited there. Even the Third Circuit, which as we shall see takes a most liberal view of the appealability of orders remanding matters to the bankruptcy judge, agrees that a district court's decision on an interlocutory appeal from a bankruptcy judge is nonfinal. See In re Comer, 716 F.2d 168, 172 (3d Cir.1983).
 
 
 4
 However, we think it reasonably clear that the dismissal by the bankruptcy judge of a complaint objecting to the discharge of the bankrupt is final. The proceeding that such a complaint kicks off has traditionally been treated as a separate adversary proceeding within the framework of the overall bankruptcy case, see 3 Collier on Bankruptcy p 523.11 (15th ed. 1984); and as Judge Breyer has persuasively explained, Congress in overhauling the system of bankruptcy appeals in the 1978 act apparently meant to continue the former practice whereby orders disposing of such proceedings were appealable as final orders. In re Saco Local Development Corp., 711 F.2d 441, 443 (1st Cir.1983). We can find nothing in the 1984 amendments that changes the scheme adopted in 1978 in any particular relevant to this case. Compare 28 U.S.C. Secs. 1293(b), 1334(a), (b), added by the 1978 act, with 28 U.S.C. Sec. 158, added by the 1984 act. The relevant provisions appear to be identical except for immaterial wording changes.
 
 
 5
 Of course an order rejecting a complaint that a debt not be discharged is not really final, because the complainant may still get a part of his debt repaid out of the assets of the estate. But then an order accepting a claim against the estate is not really final either, because the actual amount received on the claim will not be determined till the amounts and priorities of other claims, and the assets of the estate, are determined; and yet such an order is appealable immediately as a final order. See 711 F.2d at 448.
 
 
 6
 Although the order of the bankruptcy judge rejecting the bank's complaint thus was final within the meaning of the appeal statute, we have jurisdiction of the district court's order reversing the bankruptcy judge only if that order was final too. See 28 U.S.C. Sec. 1293(b), added by the 1978 act; and 28 U.S.C. Sec. 158(d), added in 1984. (These provisions are worded virtually the same, and appear to have the same meaning, In re Pacor, Inc., 743 F.2d 984 at 987 n. 4 (3d Cir.1984), so that although the 1984 amendments do not expressly repeal section 1293(b), we think they must be held to do so by implication as otherwise there would be a pointless and confusing duplication in the provisions of the bankruptcy act dealing with appeals.)
 
 
 7
 The question whether the district court's order was final would be easy if the bankruptcy judge's decision had been a recommended decision, akin to that of a master; then it would be clear that the district court's order "remanding" (really referring) the case to the bankruptcy judge was an interlocutory order. See De Laney v. City Investment Co., 224 F.2d 808, 810 (10th Cir.1955); cf. Sick v. City of Buffalo, 574 F.2d 689, 693-94 (2d Cir.1978); Taylor v. Oxford, 575 F.2d 152 (7th Cir.1978). The 1984 amendments--in this respect returning to the older practice--do create a class of matters in which the bankruptcy judge makes a recommended decision, see 28 U.S.C. Sec. 157(c), but objections to discharging the bankrupt are not within the class. They are appealable decisions if themselves final, see 28 U.S.C. Secs. 157(b)(2)(J), 158(a), and cast the district court in an appellate role. One can argue that when the district court remands such a case to the bankruptcy judge, the court's order is a final decision because it leaves nothing pending before the tribunal that made it. The Third Circuit has accepted this argument in several cases dealing with the materially identical provisions of the 1978 act, notably In re Marin Motor Oil, Inc., 689 F.2d 445, 448 (3d Cir.1982), and there is scattered support for the argument elsewhere. See, e.g., In re Bestmann, 720 F.2d 484, 486 (8th Cir.1983); but see In re Hansen, 702 F.2d 728, 729 (8th Cir.1983) (per curiam).
 
 
 8
 But the majority of circuits hold, very sensibly in our view, that remands by the district court to the bankruptcy judge are not appealable in cases such as the present where the bankruptcy judge is the decider, and not just the recommender of decision. See In re White, 727 F.2d 884, 886 (9th Cir.1984); In re Martinez, 721 F.2d 262, 265 (9th Cir.1983); In re Glover, Inc., 697 F.2d 907, 909-10 (10th Cir.1983) (per curiam); In re Emerald Oil Co., 694 F.2d 88, 89 (5th Cir.1982) (per curiam); In re Regency Woods Apartments, Ltd., 686 F.2d 899, 901-02 (11th Cir.1982) (per curiam); In re Cross, 666 F.2d 873, 877 (5th Cir.1982); In re Ben Hyman & Co., 577 F.2d 966, 968 (5th Cir.1978). Because most proceedings before bankruptcy judges are summary, remands usually take little time to complete and it is therefore more efficient to wait till the bankruptcy judge is finished with the case--not necessarily with the bankruptcy, since a single bankruptcy can give rise to numerous claims which are litigable to final judgments appealable while the bankruptcy proceeding is still going on, see In re UNR Industries, Inc., supra, 725 F.2d at 1116--before bringing up the case to the court of appeals. If a district judge remanded a case for further proceedings that would take a week to complete, and the remand order was appealable and was upheld on appeal, a year or more might elapse before the proceedings on remand were concluded. Yet if those proceedings had been conducted without this interruption, then, depending on their outcome, there might be no appeal at all, and in any event there would be no chance of two appeals--one from the order of remand and the other from whatever order the district judge entered on appeal from the bankruptcy judge's final decision following remand.
 
 
 9
 Apart from these practical considerations, we can see no logical distinction between remand to a bankruptcy judge and remand to an administrative agency; and it is well established that an order by a district court remanding an administrative appeal for further proceedings before the agency is not a final order, see, e.g., Freeman United Coal Mining Co. v. Director, Office of Workers' Compensation Programs, 721 F.2d 629 (7th Cir.1983); United Transportation Union v. Illinois Central R.R., 433 F.2d 566, 568 (7th Cir.1970); Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 404 (5th Cir.1984) (en banc); Howell v. Schweiker, 699 F.2d 524, 526-27 (11th Cir.1983); McCoy v. Schweiker, 683 F.2d 1138, 1141 n. 2 (8th Cir.1982) (en banc); United States v. Alcon Laboratories, 636 F.2d 876, 884 (1st Cir.1981), provided the order is effectively reviewable on appeal from the agency's (here, the bankruptcy judge's) final decision. See, e.g., United Steelworkers of America v. Union R.R., 648 F.2d 905, 910-11 (3d Cir.1981). But that is no problem here, as we shall see. A further analogy, which we are reluctant to press too hard however because of the additional considerations involved in it, is the interpretation of "final" judgment in 28 U.S.C. Sec. 1257 (review by Supreme Court of state-court decisions) as not including remands from a higher to a lower state court, see, e.g., O'Dell v. Espinoza, 456 U.S. 430, 102 S.Ct. 1865, 72 L.Ed.2d 237 (1982) (per curiam), again with exceptions not relevant here, see Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 477-85, 95 S.Ct. 1029, 1037-1041, 43, 328 (1975); Abood v. Detroit Board of Educ., 431 U.S. 209, 216 n. 8, 97 S.Ct. 1782, 1789 n. 8, 52 L.Ed.2d 261 (1977), such as where the only thing left to do on remand is a purely "ministerial" action that could not moot the appeal or affect the issues on appeal, or where the elements of the "collateral order" doctrine (of which more shortly) are present.
 
 
 10
 Although we hold that a decision of the district court on appeal from a bankruptcy judge's final order is not itself final if the decision remands the case to the bankruptcy judge for significant further proceedings, this just means that the district court's decision is not appealable automatically; it may be appealable under one of the special procedures for interlocutory appeals. A case such as this, where the district court rejects an argument that if accepted would terminate the proceeding, is a "natural" for appeal under 28 U.S.C. Sec. 1292(b), which allows an interlocutory appeal on a controlling question of law if both the district court and the court of appeals agree it should be decided immediately. But Riggsby made no effort to appeal under section 1292(b), so we need not decide whether that section applies to bankruptcy cases. The new provision of the bankruptcy act governing appeals, 28 U.S.C. Sec. 158 (and its immediate predecessor, 28 U.S.C. Sec. 1293(b)) makes no mention of section 1292(b) and creates no substitute procedure. But of course this could be an oversight rather than a deliberate decision not to allow 1292(b) appeals in bankruptcy cases; and a reference to mandamus in the legislative history of the 1984 amendments suggests, if inconclusively, that the appellate remedies provided in the bankruptcy statute itself are not intended to be exclusive. See Cong.Rec. (daily ed.), June 29, 1984, at p. H 7496 (remarks of Congressman Morrison). The question of the applicability of section 1292 to district court decisions disposing of appeals from bankruptcy judges was much mooted in regard to 1293(b), see, e.g., Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 197-200 (3d Cir.1983); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure, 1983 Pocket Part Sec. 3926, at pp. 42-45 (1984); and although section 1293(b) has now been superseded by section 158(d), these precedents presumably remain applicable, for as we said before the new provision seems to mean the same as the older one. But the precedents were not consistent.
 
 
 11
 Fortunately, we shall not have to unravel this tangled skein here, beyond observing that even if it should turn out that section 1292 is not available in cases such as this, it would not change our conclusion that the order under review is nonfinal. Where there has been one appeal, albeit to a single-judge district court rather than a three-judge court of appeals, the need for the safety valve in the final-judgment rule that statutes such as section 1292 provide is less acute. And if we are right that proceedings on remand to bankruptcy judges will ordinarily be brief (though, as here, not "ministerial," for if they were just ministerial an immediate appeal under section 158(d) might be proper), it becomes a matter of relatively little concern whether orders of remand are reviewable under any circumstances before the proceedings on remand are complete. They are, of course, reviewable later: if Riggsby is disappointed with the district court's decision after remand and comes back to us, he will be able to raise any objections to the order of remand that have not been made moot by the subsequent proceedings, as shown by such cases as McDonnell Douglas Corp. v. Commodore Business Machines Inc., 656 F.2d 1309, 1313 (9th Cir.1981).
 
 
 12
 Riggsby has tried to fit his appeal within the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949), which allows certain orders that are final in a practical though not technical sense to be appealed under the final-judgment rule of 28 U.S.C. Sec. 1291, and which, all agree, applies to orders subject to the final-judgment rule in the bankruptcy act, now found in section 158(d). But this appeal does not fit the doctrine. For one thing, it is not collateral (which means, raising an issue separate from the merits). See, e.g., In re Glover, Inc., supra, 697 F.2d at 910. For another, the appellant has not even tried to show that he will suffer irreparable harm from having to wait till the completion of the proceedings on remand to take his appeal from the district judge's ruling on the timeliness of its claim, and a showing of irreparable harm is another requirement of the doctrine. See, e.g., In re UNR Industries, Inc., supra, 725 F.2d at 1117-18.
 
 
 13
 We have no jurisdiction of the appeal, and it is therefore
 
 
 14
 DISMISSED.