**Thomas J. CONNELLY, Plaintiff,**

v.

**SHATKIN INVESTMENT CORP., Defendant.**

**Thomas J. CONNELLY, Plaintiff,**

v.

**WINSTON & STRAWN, Defendant.**

**In re Thomas J. CONNELLY, Debtor.**

**Bankruptcy Nos. 85 C 8127, 85 C 8128 and 84 B 2020.**

United States District Court, N.D. Illinois, E.D.

Jan. 10, 1986.

Tony Zimmerman, Chicago, Ill., for plaintiff.

Charles E. Stahl, Arvey Hodes Costello Burman, Donald K. Cassling, Jenner & Block, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in February, 1984. The bankruptcy court set the meeting of creditors pursuant to section 341 of the Bankruptcy Code for April 26, 1984. The order also set May 31, 1983 as the last day for filing a complaint to determine dischargeability of a debt pursuant to section 523 of the Code. 11 U.S.C. § 523. In July, 1984, and in February, 1985, creditors Shatkin Investment Corp. and Winston and Strawn respectively filed a motion to file a complaint to determine dischargeability of a debt as timely. The Shatkin Investment petition was granted and a subsequent motion to strike was denied.[1] The Winston and Strawn petition sought leave of court. Following briefing by both parties the bankruptcy judge entered its order granting leave to file, as timely, its complaint.[2]

---

1. The complete order is as follows: "Debtor's motion to strike the objection of Shatkin Investment Corporations [sic] objection to discharge is denied." Order of August 27, 1985, 85 C 8127.

2. The complete order reads as follows: "For the reasons stated in open court, Winston & Strawn's Motion for Leave to File as Timely Proof of Claim and Complaint to Determine

The debtor challenges the bankruptcy court's rulings that creditors may file complaints to determine the dischargeability of a debt beyond the date set for filing such a complaint as provided in the Bankruptcy Rules. *See* Bank.R. 4007(c) (60 days after meeting of creditors to file objection). The debtor has filed a motion for leave to appeal the bankruptcy court's orders pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 158, and Bankruptcy Rule 8003.

The debtor actually seeks appeal of the bankruptcy judge's order on two fronts: an appeal as a matter of right under § 158(a) and Bank.R. 8001, and a motion for leave to appeal under § 158(a) and Bank.R. 8003. While the debtor's notice of appeal states that he is appealing from a "final order" of the bankruptcy court, his motion states only that he is appealing an "order" of the bankruptcy court. The distinction is not merely semantical. If debtor were appealing from a final order, he would not need to seek leave of court. Appeals from final orders of the bankruptcy court are a matter of right. 28 U.S.C. § 158(a); Bank.R. 8001. As it turns out the critical issue we must resolve is whether the bankruptcy court's order granting the filing of the complaint is indeed final. To answer that question and the question of whether this court will grant leave to appeal, we begin with a discussion of this court's jurisdiction over bankruptcy appeals.

Final orders of bankruptcy judges may be appealed to panels of three bankruptcy judges or to the district court in districts, such as ours, where no such panels are created. 28 U.S.C. § 158(a) & (b). Appeals of interlocutory orders are to the district court only with leave of court. Further, appeals taken under § 158(a) or (b) are taken "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time frame provided by Rule 8002 of the Bankruptcy Rules," 28 U.S.C. § 1292, permitting appellate review of interlocutory orders. Objections to discharge are core-proceedings under the

Dischargeability is Granted." Order of August

Bankruptcy Act, 28 U.S.C. § 157(b)(2)(J), affording this court appellate jurisdiction over the matter and "cast[ing] the district court in an appellate court role." *Matter of Riggsby*, 745 F.2d 1153, 1155 (7th Cir. 1984).

■ Initially we must determine if an order *granting* the filing of a complaint seeking to determine the dischargeability of a debt after the date for a cut-off of such filings is a final order. Exactly which orders are final is not stated anywhere in the judicial code or the Bankruptcy Code and rules. Because of the nature of bankruptcy proceedings, however, where numerous creditors state claims against the debtor's estate, the term finality does not have exactly the same meaning as it does in ordinary civil proceedings. *See In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983). If it did, few orders would ever be appealable prior to the resolution of all issues regarding the distribution of the bankrupt's estate. "[O]rders in bankruptcy cases may be immediately appealable if they finally dispose of *discrete disputes within the larger* case—and in particular, [Congress] has long provided that orders finally settling creditor's claims are separately appealable." *Id.* (emphasis in original); *In re Bestmann*, 720 F.2d 484, 486 (8th Cir.1983); *Matter of Riggsby*, 745 F.2d at 1155.

The Seventh Circuit has ruled that an order by the bankruptcy judge *dismissing* a complaint objecting to discharge as untimely is a final order immediately appealable. *Matter of Riggsby*, 745 F.2d at 1154. In that situation, of course, the creditor's liability is fixed; the debt owed to him is dischargeable under the Bankruptcy Code and he will not recover the amount of the debt. *See* 11 U.S.C. § 523(c) & 524. The creditor's ability to legally enforce the debt expires. 11 U.S.C. § 524.

An order *granting* a complaint against the dischargeability of the debt as timely, however, is not a final order. Such an order in no way fixes the obligation of the

27, 1985, 85 C 8128.

parties; it merely permits the creditor to argue the non-dischargeability of a debt. The creditor has the burden of proof in such a case, Bank.R. 4004-05, and the bankruptcy judge may or may not conclude that the debt is dischargeable. The decision to permit the filing of the complaint, far from conclusively determining a dispute over a creditor's claim, sets that dispute into motion. Thus, the bankruptcy judge's order is not a final one.

The bankrupt also seeks to have his appeal considered one from a final order through the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The doctrine apparently applies to orders of bankruptcy judges, *Matter of Riggsby*, 745 F.2d at 1157; 28 U.S.C. § 158(a), and permits the appellate court to consider certain orders which are "final in a practical though not technical sense" as immediately appealable under the final-judgment rule. *Id.* There are a number of requirements under the collateral-order rule, the most prominent of which are that the order concern a collateral matter and that there be a risk of irreparable harm if present review is not granted. *Matter of UNR Indus.*, 725 F.2d 1111 at 1118 (1984); *Matter of Riggsby*, 745 F.2d at 1157; *see generally* 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure, Jurisdiction and Related Matters* § 3911 (1976).

This appeal does not fall within the collateral order doctrine. First, the order was not collateral to the merits. With respect to the creditors in this action, or for that matter any creditor seeking to oppose the discharge of a debt, the central issue is whether the challenged debt will be discharged. Second, the debtor has not demonstrated that he will suffer irreparable harm from having to wait to appeal until the completion of the bankruptcy proceedings on the dischargeability of the questioned debt. Thus, the bankruptcy judge's order is not final under the collateral order doctrine.

■ This does not end the matter, however, because the district court may hear appeals from interlocutory orders of bankruptcy courts in some instances. 28 U.S.C. 158(a) & (c). The debtor may seek leave of this court for an appeal from an interlocutory order under 28 U.S.C. § 1292(b). To do so, both the bankruptcy judge and the district court must certify that they are of the opinion that the order involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The bankruptcy judge did not so certify this appeal. It is unclear whether such certification is necessary because there is no provision similar to § 1292(b) governing appeals from bankruptcy court to the district court. But we think the direction provided in 28 U.S.C. § 158(c) that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the district courts" would mean that such certification is necessary. The requirement in § 1292(b) that the district court judge first certify the order was "deliberately adopted to secure an initial judgment on the desirability of appeal by the trial judge as the person most immediately familiar with the litigation." Wright & Miller, *supra* at § 3929, at 138. We think the same reasoning holds true in the bankruptcy court-district court relationship.

Moreover, the remaining requirement in determining whether to permit the interlocutory appeal lies in the discretion of the appellate court (in our case the district court) 28 U.S.C. 1292(b). We would decline to permit such an appeal for a number of reasons. First, we are not certain that the bankruptcy court ruled, in fact, on the basis that the debtor suggests. It was argued by the creditor that Bankruptcy Rule 4007(c) did not apply to this transaction but rather Rule 4007(b) applied. Rule 4007(b) permits a complaint to be filed "at any time" and not within a 60-day time limit as does Rule 4008(c). If the bankruptcy judge

accepted this reasoning, and we have no way of knowing whether he did or not,[3] then the question proposed for review, whether a bankruptcy court may, in its discretion, permit the filing of a complaint objecting to discharge beyond the 60 days provided by the Rules, is not presented to this court. Therefore, we decline to review this interlocutory appeal.

Plaintiff's motions for leave to appeal the bankruptcy orders in 85 C 8127 and 85 C 8128 are denied.

IT IS SO ORDERED.

---

**3.** The orders of the courts were brief, and did not explain the reasons for the decision. *See, supra,* notes 1 & 2. The order in 85 C 8128 refers to reasons stated in open court, but no transcript of those proceedings is presented to this court to aid it in determining what reasoning was actually adopted. The order in 85 C 8127 simply offers no explanation, nor does it even cite a relevant rule that would clue this court as to the basis for the decision. In light of this incomplete record, which is parties' burden to establish, Bank.R. 8006, this court has no way of knowing whether the issue sought to be appealed was actually decided.