In re ST. CHARLES PRESERVATION INVESTORS, LTD.

Appeal of A.D. ADAIR, Jr., et al., Appellants.

No. 90–7058.

United States Court of Appeals, District of Columbia Circuit.

Oct. 19, 1990.

Charles H. White, Jr., Washington, D.C., for appellants.

Joseph R. Whaley, Trustee, Rockville, Md., for appellee.

Robert H. Bear, Washington, D.C., for appellees.

ON MOTION TO DISMISS

Before WALD, Chief Judge, RUTH BODER GINSBURG and WILLIAMS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This appeal requires the court to consider whether a district court order remanding a case to bankruptcy court for significant further proceedings constitutes a final order appealable under 28 U.S.C. § 158(d). In accord with the view adopted by a majority of circuit courts, we now hold that such an order is not final for purposes of court of appeals review. We therefore dismiss this appeal for lack of jurisdiction.

In 1983, St. Charles Preservation Investors, Ltd. ("St. Charles"), a Georgia limited partnership formed to acquire the St. Charles Hotel in Washington, D.C., issued limited partnership interests denoted as "Class A" and "Class B." Class A limited partners were required to make a one-time cash payment of $19,000 per unit and were entitled to receive two "guaranteed" payments equaling the payback of their purchase price plus monthly interest payments on their investment at a rate of 18% per year. Class B limited partners made contributions of $62,000 per unit, with $12,000 payable upon subscription and the balance payable over four years ending March 1, 1987.

In January 1985, the St. Charles Hotel suffered substantial operating losses and was sold in foreclosure. Beginning in March 1985, Class B limited partners defaulted on their payment obligations. On December 22, 1987, St. Charles filed a Chapter 7 petition in bankruptcy court. See 11 U.S.C. § 701 et seq. (1990). Because the hotel property was owned through another limited partnership which also declared bankruptcy, the estate has no assets other than the money owed by Class B partners.

At a meeting of creditors, Class A limited partners, acting through counsel, elected Joseph R. Whaley as permanent trustee. An objection was made and a motion to confirm Whaley's election filed. The bankruptcy court denied the motion, holding that the right of Class A limited partners to acquire interest on their invested capital was not a debt conferring creditor status within the meaning of 11 U.S.C. § 101(9) (1989), and therefore these partners were not entitled to participate in the election of a trustee. See 11 U.S.C. § 702. Class A limited partners appealed to the district court pursuant to 28 U.S.C. § 158(a) (1984).

The district court reversed the bankruptcy court's ruling, concluding that the entitlement of Class A limited partners to guaranteed payments confers "creditor" status under the statute, permitting those partners to participate in the election of a trustee. The district court remanded the case to bankruptcy court for further proceedings 112 B.R. 469. Class B limited partners thereupon sought to appeal that decision to this court.

■ The courts of appeals have jurisdiction over all final decisions entered by district courts in appeals from bankruptcy courts. See 28 U.S.C. § 158(d) (1984). A majority of circuit courts have held that a district court order is not final if "[it] remands the case to the bankruptcy judge for significant further proceedings." Matter of Riggsby, 745 F.2d 1153, 1155 (7th Cir. 1984). See In re Dixie Broadcasting Inc., 871 F.2d 1023, 1028 (11th Cir.), cert. denied, —— U.S. ——, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); Bowers v. Connecticut

*National Bank,* 847 F.2d 1019, 1023 (2d Cir.1988); *Matter of Greene County Hospital,* 835 F.2d 589, 596 (5th Cir.), *cert. denied,* 488 U.S. 820, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988); *In re Commercial Contractors, Inc.,* 771 F.2d 1373, 1375 (10th Cir.1985). Under this view, a district court order of remand to a bankruptcy court may be considered final, for purposes of court of appeals jurisdiction, only where the remand leaves solely "ministerial" proceedings to be conducted by the bankruptcy court. *See In re Gould & Eberhardt Gear Machinery Corp.,* 852 F.2d 26 (1st Cir. 1988) (order remanding case for computation of amounts according to established formulae appealable); *In re Lift & Equipment Service, Inc.,* 816 F.2d 1013, *modified on reh'g,* 819 F.2d 546 (5th Cir.1987) (remand for determination of which items should be deducted from accounts receivable rather than from assets deemed ministerial).

This view commends itself to us for the reasons discussed by the Seventh Circuit in *Matter of Riggsby,* 745 F.2d at 1155–56. For purposes of determining court of appeals jurisdiction, we see no logical distinction between a district court order remanding a case to a bankruptcy court and one remanding a case to an administrative agency. *See id.* at 1156. It is well settled that, as a general rule, a district court order remanding a case to an agency for significant further proceedings is not final. *See, e.g., WMATA v. Director, Office of Workers' Compensation Programs,* 824 F.2d 94, 95 (D.C.Cir.1987). *See also American Hawaiian Cruises v. Skinner,* 893 F.2d 1400 (D.C.Cir.1990). *But see Occidental Petroleum Corp. v. SEC,* 873 F.2d 325 (D.C.Cir.1989) (order remanding case appealable where agency to which case is remanded seeks to appeal and would not be positioned to do so following remanded pro-

ceedings). The same practical considerations militating against piecemeal court of appeals review in agency matters apply with equal force in the bankruptcy context.

■ This approach best serves the interests of judicial economy and efficiency. By deferring consideration of an appeal until bankruptcy proceedings on remand are completed, a court of appeals avoids the prospect of entertaining two appeals, one from the order of remand and one from entry of a district court order reviewing the remanded proceedings. Such a deferral also leaves open the possibility that no appeal will be taken, in the event that proceedings on remand are satisfactory to all parties. Moreover, because bankruptcy proceedings are often summary, a remand may require little time to complete and thus it may be more efficient for a court of appeals to adjudicate the case after a bankruptcy court has terminated its proceedings. *See Matter of Riggsby,* 745 F.2d at 1155–56. For these reasons, we conclude, in accord with a majority of our sister circuits, that a district court order remanding a case to bankruptcy court for significant further proceedings is not final in the 28 U.S.C. § 158(d) context.[1]

■ Applying this approach to the instant case, we hold that the district court's order remanding this case to bankruptcy court is not final. The district court's order requires the bankruptcy judge not only to confirm the election of a trustee, but also to determine the rights and priorities of Class A limited partners as creditors and to determine their eligibility for assets of the estate. Resolution of these claims will occasion "significant further proceedings," compelling the conclusion that the district court's remand order is not appealable at this juncture. *See Matter of Riggsby,* 745 F.2d at 1156.

1. We do not find persuasive the view espoused by the Third Circuit, that if a bankruptcy court order is indisputably final, a district court's decision reversing or affirming that order is also final for purposes of court of appeals review. *See Matter of Marin Motor Oil, Inc.,* 689 F.2d 445, 449 (3d Cir.1982), *cert. denied,* 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983) (district court order reversing bankruptcy

court's refusal to permit creditors' committee to intervene in bankruptcy reorganization found reviewable). *See also In re Bestmann,* 720 F.2d 484, 486 (8th Cir.1983). We do not agree that the finality of the underlying bankruptcy court order, rather than the finality of the ensuing district court order, should be determinative of court of appeals jurisdiction. *See Matter of Marin Motor Oil, Inc.,* 689 F.2d at 448.

**730**

■ We also observe that jurisdiction in this court does not lie under the collateral order doctrine. *See Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See also Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The district court's conclusion that Class A limited partners are creditors is not severable from the merits of those creditors' claims and the decision is not "unreviewable" once the bankruptcy court resolves the claims of Class A appellees. *See Matter of Greene County Hospital*, 835 F.2d at 596.

We therefore conclude that the district court's order remanding this case to bankruptcy court for a determination of Class A appellees' rights and priorities as creditors is not final and hence in unreviewable at this juncture.[2] Accordingly, we dismiss this appeal for lack of jurisdiction.

*It is so ordered.*

**2.** We note that the Sixth Circuit recently adopted still another approach toward the finality problem in bankruptcy appeals by applying the procedural requirements of Fed.R.Civ.P. 54(b) to determine court of appeals jurisdiction. *See In re Frederick Petroleum Corporation*, 912 F.2d 850 (6th Cir.1990). It does not appear that this new rule would cover the claim presented here, as the instant case involves a threshold issue of participation by creditors and hence is not severable from other claims, as contemplated by Rule 54(b). In any case, however, we are not prepared to embrace this new tack at this early juncture.

We furthermore note that no certification under 28 U.S.C. § 1292(b) was made in this case.