Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 17, 2004      Decided March 9, 2004

No. 03-5152

LAKES PILOTS ASSOCIATION, INC.,
APPELLANT

v.

UNITED STATES COAST GUARD AND
THOMAS J. RIDGE, SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 01cv01721)

———

*Michael Roberts* and *Lawrence C. Friedman* were on the briefs of appellant.

*Roscoe C. Howard, Jr.*, U.S. Attorney, *R. Craig Lawrence* and *Sherrie Evans Harris*, Assistant U.S. Attorneys, were on the brief of appellees.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: GINSBURG, *Chief Judge*, HENDERSON, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Lakes Pilots Association, Inc. sued in district court claiming that the Coast Guard misapplied the relevant formula in setting rate ceilings for pilotage services. The district court granted in part and denied in part the parties' cross-motions for summary judgment. While accepting various Coast Guard positions, it ruled for the pilots on three merits issues and remanded for further proceedings consistent with its order. The pilots appeal those aspects of the district court's opinion that were unfavorable to them (ripeness as to one issue, one substantive merits decision, and a claim based on certain non-record documents). Finding that we do not have jurisdiction to hear this appeal, we dismiss.

\* \* \*

The courts of appeals have jurisdiction to hear "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "A remand order usually is not a final decision." *NAACP v. United States Sugar Corp.*, 84 F.3d 1432, 1436 (D.C. Cir. 1996). But the pilots invoke the collateral order exception created by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47 (1949). To qualify under that doctrine the order being appealed must: "(i) conclusively determine the disputed question; (ii) resolve an important issue completely separate from the merits of the action; and (iii) be effectively unreviewable on appeal from a final judgment." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987) (citation and internal quotations omitted).

Under limited circumstances a remand order will qualify. The third requirement—that the decision not be susceptible of appeal from a final judgment—is met when "the agency to which the case is remanded seeks to appeal and it would have no opportunity to appeal after the proceedings on remand." *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 330 (D.C.

Cir. 1989); see also *MCI Telecommunications Corp. v. Bell-South Telecommunications Inc.*, 298 F.3d 1269, 1271 (11th Cir. 2002) (same). The principle is not normally available to the agency's adversary. This asymmetry may seem strange, but it flows from an evenhanded application of the requirement that the error asserted not be remediable on appeal from a final judgment. Here, for example, the pilots will still be aggrieved by the outcome (assuming that the Coast Guard doesn't spontaneously change its position on the issues where the district court rejected its claims) and thus will be able again to seek judicial review, including review in the court of appeals, raising not only new issues but all those on which it got no satisfaction in its original challenge. *Mall Properties, Inc. v. Marsh*, 841 F.2d 440, 443 (1st Cir. 1988). The Coast Guard, by contrast, will have to follow on remand the standard declared by the district court, and will be able to get appellate review only if another party seeks appellate relief, *Occidental Petroleum*, 873 F.2d at 330, and then only under some circumstances. See *Consarc Corp. v. Iraqi Ministry*, 27 F.3d 695, 700 (D.C. Cir. 1994) (describing use of pendant appellate jurisdiction to review an interlocutory order that is not yet subject to appeal but is "closely related" to an appealable order); *Freeman v. B & B Assocs.*, 790 F.2d 145, 151 (D.C. Cir. 1986) (appellate court will consider any argument by an appellee that supports the judgment of the district court). The pilots mistakenly rely on *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990), which is simply a straightforward application of these concepts, allowing an agency to appeal from a district court remand order.

\* \* \*

The appeal is accordingly dismissed.

*So ordered.*