[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12056
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-60732-WJZ,

Bkcy No. 0:13-bkc-23165JKO


In re: OCEAN 4660, LLC.,

Debtor.
_____

KENNETH A. FRANK,
OCEANSIDE LAUDERDALE, INC.,
EL MAR ASSOCIATES, INC.,

Plaintiffs-Appellants,

versus

MARIA YIP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 20, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Kenneth A. Frank, Oceanside Lauderdale, Inc. ("Oceanside"), and El Mar Associates, Inc. ("El Mar") appeal the district court's judgment affirming the bankruptcy court's order resolving a disputed Chapter 7 trustee election pursuant to 11 U.S.C. § 702.  After review, we affirm.[1]

As a threshold matter, we address Appellee Maria Yip's contention that we lack jurisdiction to hear this appeal because the bankruptcy court's order is not a final decision under 28 U.S.C. § 158(d)(1).  "Although a district court, at its discretion, may review interlocutory judgments and order of a bankruptcy court, see 28 U.S.C. § 158(a), a court of appeals has jurisdiction over only final judgments and orders entered by a district court or a bankruptcy appellate panel sitting in review of a bankruptcy court, see § 158(d)."  In re Celotex Corp., 700

_____

[1]We review our appellate jurisdiction de novo.  In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008).  As "the second appellate court to review" the bankruptcy court, we "assess the bankruptcy court's judgment anew, employing the same standard of review the district court itself used."  In re Failla, 838 F.3d 1170, 1174 (11th Cir. 2016).  Accordingly, we review the bankruptcy court's conclusions of law and mixed questions of law and fact de novo and its fact findings for clear error.  In re Cox, 493 F.3d 1336, 1340 n.9 (11th Cir. 2007).

F.3d 1262, 1265 (11th Cir. 2012) (quotation marks omitted); see also 28 U.S.C. § 158(d)(1) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by the district court under subsection (a)).  While a final decision generally "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," In re Celotex Corp., 700 F.3d at 1265, this Court has concluded that "[f]inality is given a more flexible interpretation in the bankruptcy context . . . because bankruptcy is an aggregation of controversies and suits." In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008).  Thus, "[i]n the bankruptcy context, this Court has concluded that it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." In re Walker, 515 F.3d 1204, 1210 (11th Cir. 2008).

This Court has held that an order removing or appointing a Chapter 7 trustee is a final order.  See id. at 1210-11 & n.4 (reviewing a bankruptcy court's order removing a permanent trustee for an undisclosed conflict of interest).  In so doing, we acknowledged a split among the Circuits on this issue and concluded that we were "persuaded by the logic" of the Third Circuit in In re Marvel Entertainment Group, Inc., 140 F.3d 463, 470-71 (3d Cir. 1998), as follows:

> In that case, the court wrote that the purpose of the finality requirement is judicial economy but that judicial efficiency would be turned on its head if the court were to delay reviewing the trustee appointment until after the entire bankruptcy proceeding concluded.

3

> The court [in In re Marvel] noted that liberal finality considerations in orders appointing bankruptcy trustees are necessary because these orders cannot be meaningfully postponed to the bankruptcy's conclusion.  The [In re Marvel] court wrote that if it did not have jurisdiction no meaningful review of the order appointing the trustee could ever take place.  It would strain credulity to suggest that a reviewing court would jettison years of bankruptcy infighting, compromise, and final determinations solely for the purpose of reversing on the issue of the identity of the trustee.

Id. at 1210-11 & n.5 (quotation marks, alterations and citations omitted).

Here, at an initial meeting of the debtor's three creditors, two of the creditors—Appellants El Mar and Oceanside—requested the election of a permanent trustee.  Over the objection of the third creditor, Comerica Bank, and the interim trustee, Appellee Yip, Appellants El Mar and Oceanside nominated and elected William Brandt to serve as trustee.  After a hearing on the disputed election, the bankruptcy court entered an order that: (1) concluded that no valid election took place because Appellants El Mar and Oceanside were ineligible under 11 U.S.C. § 702(a)(1) and Bankruptcy Rule 2003(b)(3) to request the election because their claims were disputed; and (2) appointed Appellee Yip to serve as the permanent Chapter 7 trustee.

Appellants then appealed to the district court.  The district court affirmed the bankruptcy court's order, concluding that Appellants El Mar and Oceanside "were not entitled to participate in election of the Chapter 7 trustee," and therefore "no valid election took place, leaving Maria Yip as trustee for the case."

4

Based on our binding precedent in In re Walker, we conclude that the district court's decision, which affirmed the bankruptcy court's order resolving the election dispute and appointing Appellee Yip as the Chapter 7 permanent trustee, was a "final decision" within the meaning of 28 U.S.C. § 158(d)(1). See id. at 1210-11.

Appellant Yip cites decisions from other Circuits, In re Klein, 940 F.2d 1075 (7th Cir. 1991), and In re St. Charles Preservation Investors, Ltd., 916 F.2d 727 (D.C. Cir. 1990), both of which fall on the other side of the Circuit split acknowledged in In re Walker.[2]  Indeed, the Third Circuit in In re Marvel, with which In re Walker expressly agreed, explicitly rejected the position of the Seventh and D.C. Circuits on this finality issue.  See In re Marvel, 140 F.3d at 470.  In short, we are bound by our prior precedent in In re Walker.  See Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and

---

[2]As Appellants note, these two cases are also distinguishable in that the district court orders reversed the bankruptcy courts' rulings as to the trustee and remanded to the bankruptcy court for further proceedings.  See In re Klein, 940 F.2d at 1076-77; In re St. Charles Pres. Inv'rs, Ltd., 916 F.2d at 728.  Here, as in In re Walker, the district court affirmed the bankruptcy court's ruling as to the trustee.  See In re Walker, 515 F.3d at 1213.

until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").[3]

Having concluded that we have appellate jurisdiction, we affirm the district court's judgment based on its well-reasoned order filed on March 30, 2016.

**AFFIRMED.**

---

[3]Appellee Yip also argues that Appellant Frank lacks standing to appeal because he did not participate in the trustee election and thus is not a "person aggrieved" by the bankruptcy court's order. See Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.), 764 F.3d 1321, 1325-26 (11th Cir. 2014). Because Appellee Yip does not dispute that Appellants Oceanside and El Mar have the requisite standing, we need not resolve the issue of Appellant Frank's standing in order to entertain this appeal.